IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA CARLSON,<br>          **Plaintiff**<br><br>    v.<br><br>YOUTH SERVICES AGENCY,<br>          **Defendant** | No. 3:06cv495<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is Defendant Youth Services Agency's motion for summary judgment in this case involving allegations of age discrimination in employment. The matter has been fully briefed and is ripe for disposition.

**Background**

Defendant Youth Services Agency (hereinafter "defendant") employed Plaintiff Linda Carlson (hereinafter "plaintiff") from December 17, 1999 through June 3, 2005. (Doc. 27, Defendant's Statement of Material Facts at ¶ 1).[1] Defendant is in the business of "providing alternative education, counseling, juvenile justice support services, and other treatment services to at risk juveniles throughout eastern Pennsylvania, Maryland, and Delaware." (Id. at ¶ 2). At the relevant time, defendant had approximately 500 employees. (Id. at ¶ 3).

Defendant first hired plaintiff as an administrative assistant in 1999. (Id. at ¶ 6). By June 2004 plaintiff served as the office manager for defendant's fiscal department. (Id. at 7). The duties of her position included supervising four employees in the fiscal office, "handling the accounts payable of Youth Services and being the 'payroll manager' in

---

[1] We will cite to the defendant's statement of material facts for those facts which are not in dispute.

charge of 'all aspects of a payroll.'" (Id.).  Due to changes made in the payroll system in late 2004 and early 2005, plaintiff's job duties with regard to payroll diminished.  (Id. at ¶¶ 12-13).  Also in the Fall of 2004, plaintiff's duties with respect to accounts payable were diminished when they were reassigned to an accountant working in the fiscal department, Jeff Minnich.  (Id. at ¶ 14).  In 2005, defendant reorganized its fiscal and human resources departments.  (Id. at ¶ 17).  During this time plaintiff's employment was terminated.  At the time of her termination, plaintiff, whose date of birth is April 29, 1963, was 42 years of age.  (Id. at ¶ 4).

Subsequent to her termination, plaintiff instituted the instant employment discrimination case.   Plaintiff's complaint alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 PENN. CONS. STAT. ANN. § 951, *et seq.*[2]  (Doc. 1, Complaint ¶ ¶ 22-27).   At the close of discovery, the defendant filed the motion for summary judgment that brings the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 29 U.S.C. § 621, *et seq.* for

---

[2]Pennsylvania courts generally interpret the PHRA in accord with its federal counterparts. Consequently, it is proper to treat the plaintiff's PHRA claims as coextensive with his Title VII claims.  Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir. 1996).  Thus are analysis of plaintiff's federal claim under the Age Discrimination in Employment Act will apply with equal force to the PHRA claim.

unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to

admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

The instant motion for summary judgment deals with an age discrimination case.  An age discrimination case can be decided by direct or indirect evidence.  Anderson v. Consolidated Rail Corp., 297 F.3d 242, 247  (3d Cir. 2002).

For direct evidence, the plaintiff must present evidence that the "decision makers placed substantial negative reliance on an illegitimate criterion in reaching their decision."  Id. (internal quotation marks and citation omitted).  Direct evidence of age discrimination is not presented in the instant case.

For cases of indirect evidence, such as the instant case, the Third Circuit has instructed us to use a slightly modified version of the familiar McDonnell Douglas burden shifting analysis.  The Third Circuit has described the analysis as follows:

> Under the first step of the three-step analysis, a plaintiff must establish a prima facie case showing that he or she:
> (1) was a member of a protected class (i.e. he or she was forty years of age or older);
> (2) was qualified for the position at issue;
> (3) suffered an adverse employment action; and
> (4) was replaced by a sufficiently younger person, raising an inference of age discrimination.
> Showalter v. University of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir.1999); Connors] v. Chrysler Financial Corp.], 160 F.3d [971,] at 973-74 [(3d Cir. 1998)]. Recognizing that the fourth element is inadequate in a reduction in force context, as

4

>   opposed to demotion or discharge cases, we have held that the fourth element is satisfied by showing that the employer retained a "sufficiently younger" employee. Showalter, 190 F.3d at 235.

Id. at 249.

The "sufficiently younger" employee retained by the employer, must be similarly situated to the employee claiming discrimination. Id. at 250.

If the plaintiff establishes a *prima facie* case, then the burden shifts to the defendant to demonstrate a legitimate, nondiscriminatory reason for the adverse employment action. If the employer meets this burden, the plaintiff must prove by a preponderance of the evidence that the proffered reason was merely pretext and that unlawful discrimination was the real reason for the employment action. Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 352 n. 4 (3d Cir. 1999).

**Discussion**

Defendant asserts that plaintiff has not submitted sufficient evidence to establish a claim of discrimination. Defendant raises the following issues: 1) Plaintiff cannot establish a *prima facie* case because she has no evidence that defendant retained a sufficiently younger similarly situated employee; and 2) Defendant has demonstrated legitimate non-discriminatory reasons for the plaintiff's discharge, and plaintiff cannot establish that these reasons are merely pretext for discrimination. We will discuss each issue in turn.

**I. Prima facie case**

Plaintiff was discharged as part of the defendant's reduction in force. As explained above, in order to establish a *prima facie* case the plaintiff must establish that she was discharged despite the defendant retaining someone similarly situated and sufficiently younger so as to raise an

inference of age discrimination.

Plaintiff asserts that she had a unique position, therefore she cannot identify a similarly situated employee. She can, however, establish that her job responsibilities were transferred to others outside the protected class. After a careful review, we agree with the plaintiff.

When a plaintiff holds a unique position at her place of employment, she cannot then identify someone who is similarly situated. She can, however, establish "the fourth element of a prima facie case by demonstrating that the remaining responsibilities of her position were transferred to persons outside the protected class." Smith v. Thomas Jefferson Univ., Civ. Action No. 05-2834, 2006 WL 1887984 (E.D. Pa. June 29, 2006);

For example, in Torre v. Casio, Inc., 42 F.3d 825 (3d Cir. 1994), the plaintiff was not replaced when he was transferred and eventually discharged. Moreover, his position was eliminated. Id. at 830. The court found that the plaintiff had established a prima facie case because younger people were treated differently. They were not transferred as the plaintiff was, and younger employees assumed the plaintiff's job duties. Eventually, when the plaintiff was terminated, younger employees remained working. Id. at 831.

Plaintiff in the instant case asserts that although her position was eliminated, younger employees who were not terminated assumed her duties. Plaintiff argues that her duties were primarily reassigned to Alyson Leinbach and Nikki Savage, both of whom were substantially younger than plaintiff.

Defendant admits that part-time employee Leinbach assumed

plaintiff's payroll duties.  (Def. Statement of Facts at ¶ 21(b)). Leinbach was born on July 25, 1972.  (Id.). In fact, plaintiff trained Leinbach with regard to these duties.  (Doc. 33-4, Pl. Ex. B, Leinbach Depo. at 9-10).   The defendant informed plaintiff that she should train Leinbach in her job because there was other additional work for plaintiff to do because the business was growing.  (Doc. 33-6, Pl. Ex. C., Pl. Depo. at 113-114). Shortly after the new employee was trained, however, plaintiff was discharged.

Defendant further admits that Nikki Savage, who was in her early thirties, continued with plaintiff's job duty of tracking and tabulating employee sick/vacation time at the time of plaintiff's termination.  (Doc. 33-3, Pl. Ex. A, Roger Dawson Dep. at 55; Doc. Def. Statement of Facts  at ¶ 21(c)).   Accordingly, we find that plaintiff has presented sufficient evidence to establish her prima facie case.  Those who were not in the protected class and were not terminated continued to perform the tasks she did when she worked for the defendant.  Defendant's summary judgment motion on this ground will thus be denied.

## II.  Pretext

Once a plaintiff has met her prima facie case, the burden shifts to the defendant to present a legitimate non-discriminatory reason for the employment decision.  The defendant asserts that it has provided such a reason.   This reason is: the reduction in her job duties along with the financial loss suffered by defendant in fiscal year 2005.

Once the defendant presents a legitimate non-discriminatory reason, the burden shifts back to the plaintiff to demonstrate that the proffered reason was pretextual and that unlawful discrimination was the real reason

for the employment action.  In discussing this final step in the analysis, "the plaintiff can survive summary judgment only if he submits evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. <u>Connors v. Chrysler Financial Corp.</u>, 160 F.3d 971, 974, n. 2 (3d Cir. 1998).

     Plaintiff asserts that defendant's purported reason that her job duties were reduced ignores the fact that they were reduced because they were reassigned to younger individuals.  Based upon our review above of the plaintiff's prima facie case, we agree with plaintiff.  Her job duties appear to have been re-assigned to other younger employees and then she was terminated.

     Plaintiff also casts doubt on defendant's claim of financial loss.  She points out that the defendant did not raise this as the reason for the termination in defending the claim before the Equal Employment Opportunity Commission.  Before the EEOC, the defendant indicated that plaintiff was terminated because of restructuring and job performance issues.  (Doc. 33-8, Plaintiff's Ex. D).  Such a change in justification is an inconsistency that may support a finding of pretext.

     Accordingly, plaintiff has presented sufficient evidence that would cast doubt on the proposed legitimate non-discriminatory reason so that the fact-finder may reasonably disbelieve. Summary judgment is not appropriate for the defendant.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA CARLSON,** | : | **No. 3:06cv495** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **YOUTH SERVICES AGENCY,** | : | |
| **Defendant** | : | |

## ORDER

    **AND NOW**, to wit, this 20th day of October 2008, the defendant's motion for summary judgment (Doc. 26) is hereby **DENIED**.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**